798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert HILTON, Petitioner,
v.
BENEFITS REVIEW BOARD; Director, Office of Workers
Compensation Programs and Consolidation Coal
Company, Respondents.
 No. 85-3662.
 United States Court of Appeals,
Sixth Circuit.
 July 17, 1986.
 
 Before WELLFORD and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Hilton ("claimant") appeals the Benefits Review Board's (the "Board") denial of black lung benefits claimed under 30 U.S.C. Sec. 901 et seq. On appeal claimant argues that the ALJ erred in finding rebuttal pursuant to 20 C.F.R. Sec. 718.305(a). Because we agree with the Board's conclusion that the ALJ's finding of rebuttal was supported by substantial evidence, we affirm.
 
 I.
 
 2
 On April 14, 1980, claimant filed for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq., with the Department of Labor, Initially, the claim was approved, and Consolidation Coal Company ("employer") was designated as the responsible operator. Employer controverted the claim, and a formal hearing was held before an ALJ on May 18, 1982. In an opinion issued October 15, 1982, the ALJ denied benefits. In his opinion, the ALJ concluded that employer was the responsible operator and that claimant had established the presumption of -disability due to pneumoconiosis. However, the ALJ denied benefits based on his finding that the presumption had been rebutted. On June 25, 1985, the Board affirmed the ALJ's denial.
 
 II.
 
 3
 Claimant's argument that the ALJ erred in finding rebuttal is threefold. First, claimant asserts that the ALJ based his opinion on evidence which was discredited. Second, claimant argues that the ALJ improperly imposed the burden of proving presence of pneumoconiosis on him. Third, claimant argues that the ALJ erred in finding that the presumption of disability had been rebutted because, claimant asserts, the ALJ's decision was based on X-ray evidence alone.
 
 
 4
 In addressing claimant's assignments of error, the Board correctly addressed the problem as being one of substantial evidence. That is, as the Board noted, the ALJ's decision must be upheld as long as it is supported by substantial evidence. See Director v. Rowe, 710 P.2d 251, 254 (6th Cir.1983); Haywood v. Secretary, 699 F.2d 277, 285 (6th Cir.1983). The Board concluded that it was, and we agree.
 
 
 5
 Upon consideration of the briefs and record herein, the judgment of the Benefits Review Board is AFFIRMED for the reasons stated in its opinion.